UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12482-GAO

LORRAINE SMYTHWICK,
Plaintiff,

v.

DR. STEPHANIE BERMAN and DR. ALAN SCOTT SHIKOVA
Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

## I.     Background

On December 7, 2016, pro se litigant Lorraine Smythwick filed in this Court a civil complaint against Dr. Stephanie Berman and Dr. Alan Scott Shikova of Brigham and Women's Hospital in Boston, Massachusetts.   According to the plaintiff, "Dr. Shikora and his team falsely treated [her] with surgery and meds" in regards to treatment that she received from them beginning in March 2016.   Compl. (ECF No. 1) at 4, 6.   Smythwick further claims that the defendants "gave [her] phamacutical drugs to hurt me and made 4 holes in my intestants [sic]." Id. at 5.   The plaintiff also avers that she, her children, and grandchildren "are being threatened and abuse" and that her offspring "had to leave [her] house in order not to be hurt if [she] say[s] anything about what's happening."   Id. at 7.   Smythwick does not offer any further information concerning any connection between her medical treatment and the threats to her

family.    In addition, she filed a one-sentence motion for emergency relief (ECF No. 3),

claiming, "My children and grandchildren are being threatened and abused."

## II.    Discussion

"Federal courts, as courts of limited jurisdiction, may not presume the existence of

subject matter jurisdiction, but rather, must appraise their own authority to hear and determine

particular cases."    Calderon-Serra v. Wilmington Trust Co., 715, F.3d 14, 17 (1st Cir. 2013)

(quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 712 (1st Cir. 1998)).    "If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Fed. R. Civ. P. 12(h)(3).

Upon review of the complaint, the Court determines that it does not have subject matter

jurisdiction over this case.    Federal district courts may exercise jurisdiction over civil actions

arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the

parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C.

§ 1332 ("§ 1332").    "For purposes of diversity, a person is a citizen of the state in which he is

domiciled."    Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008).    Where a party

seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of

complete diversity of citizenship.    See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Complete diversity of citizenship does not exist where any defendant and any plaintiff are citizens

of the same state.    See id.

Here, the Court cannot discern a basis for the exercise of subject matter jurisdiction over

Smythwick's claims.    The plaintiff does not identify, neither can the Court discern, a claim arising

under federal law.    Rather, this action appears to arise under state tort law or state laws concerning

medical malpractice.    Subject matter jurisdiction under § 1331 therefore does not exist.    The

plaintiff represents that she and the defendants are both citizens of Massachusetts.   For that reason, this action does not meet the diversity of citizenship requirement of § 1332.

## III.    Conclusion

For the aforementioned reasons, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.   This dismissal does not preclude the plaintiff from asserting her claims in state court.   The motions for leave to proceed in forma pauperis and for emergency relief shall be terminated as moot.

SO ORDERED.

     12/9/2016                                                      /s/ George A. O'Toole, Jr.                              
DATE                                                          GEORGE A. O'TOOLE, JR.
                                                                    UNITED STATES DISTRICT JUDGE